K.J.B., INC., A NEVADA CORPORATION, APPELLANT, *v.* PAUL DRAKULICH AND DIGESTI AND PECK, RESPONDENTS.

No. 21544

June 6, 1991                                              811 P.2d 1305

*Douglas Norberg,* Reno, for Appellant.

*Daniel Wong,* Reno, for Respondents.

## OPINION

*Per Curiam:*

### THE FACTS

In October 1978, appellant, K.J.B., Inc. (K.J.B.), acquired a leasehold interest in a building located on West Fourth Street in Reno, Nevada. K.J.B.'s lease agreement provided for annual rent increases, and the allowable rent under the lease had grown to $1,150.00 per month when Emmett Kelly became K.J.B.'s new landlord on July 1, 1985. However, K.J.B. did not pay increased rents allowed under the lease agreement pursuant to Kelly's request. Further, K.J.B. was late in some rent payments and mistakenly paid the rent to Kelly's predecessor in interest rather than to Kelly. Accordingly, Kelly commenced an unlawful detainer action in the justice's court, and a hearing was scheduled for October 8, 1985.

Prior to this hearing, the unlawful detainer action was abandoned pursuant to negotiations between the parties; thereafter, K.J.B. retained possession of the leasehold and made rent payments of $1,500.00 per month to Kelly until November, 1986, when K.J.B. reasserted its rights and obligations under the lease agreement and commenced rental payments of $1,150.00 per month.

After receiving the lower rent payments, Kelly served a thirty-day notice to quit on K.J.B. In December 1986, Kelly commenced an action in the district court asserting unlawful detainer

and professing damages based upon allegations of waste and failure to repair.[1] Prior to the conclusion of this litigation, K.J.B. and its counsel, Douglas Norberg, filed a cause of action in the district court, asserting that the respondents, Paul Drakulich and the law firm of Digesti and Peck, had committed attorney malpractice in the underlying unlawful detainer action.

Paul Drakulich and the law firm of Digesti and Peck filed a motion to dismiss the attorney malpractice cause of action, arguing it was premature until the conclusion of the unlawful detainer lawsuit. The district court granted the motion to dismiss and awarded respondents $1,500.00 in attorney's fees for successfully defending the motion. These attorney's fees were assessed against appellant's counsel, Douglas Norberg, because the district court felt Norberg persisted in asserting arguments in opposition to the motion to dismiss that Norberg knew, or should have known, were meritless. This appeal followed.

## PROFESSIONAL NEGLIGENCE CAUSE OF ACTION

"Where there has been no final adjudication of the client's case in which the malpractice allegedly occurred, the element of injury or damage remains speculative and remote, thereby making premature the cause of action for professional negligence." Semenza v. Nevada Med. Liability Ins. Co., 104 Nev. 666, 668, 765 P.2d 184, 186 (1988) (quoting Amfac Distribution Corp. v. Miller, 673 P.2d 795, 796 (Ariz.App. 1983)). Nonetheless, K.J.B. and Douglas Norberg argue they had no alternative but to file their cause of action for attorney malpractice since the statute of limitations could be construed to run against the cause of action prior to the conclusion of the underlying unlawful detainer action in which the malpractice occurred. *Semenza* did not specifically determine whether the statute of limitations would be tolled against a cause of action for attorney malpractice pending the outcome of the underlying lawsuit in' which the malpractice allegedly occurred. Therefore, we will resolve this issue here.

Pursuant to NRS 11.207(1), the statute of limitations will not

---

[1]Appellant answered and, as an affirmative defense, argued the district court lacked subject matter jurisdiction over the unlawful detainer portion of the complaint. The district court rejected appellant's jurisdictional challenge, granted a temporary writ of restitution to Kelly pending trial, and ordered appellant to vacate the real property.

On appeal, this court concluded the district court was without jurisdiction to entertain the unlawful detainer portion of the complaint and issued a writ of prohibition against the district court. *See* K.J.B. Inc. v. District Court, 103 Nev. 473, 745 P.2d 700 (1987).

commence to run against an attorney malpractice cause of action until the claimant sustains damages.[2] In *Semenza,* we held that damages for attorney malpractice are premature and speculative until the conclusion of the underlying lawsuit in which the professional negligence allegedly occurred. *Semenza,* 104 Nev. at 668, 765 P.2d at 186. Synthesizing these rules, we now hold that the statute of limitations in NRS 11.207(1) does not commence to run against a cause of action for attorney malpractice until the conclusion of the underlying litigation wherein the malpractice allegedly occurred. The district court came to a similar conclusion when it dismissed, without prejudice, K.J.B.'s cause of action for attorney malpractice on the grounds that the action was premature. We affirm the dismissal.

## SANCTIONS

When an attorney signs a pleading, he certifies that it is based upon fact and is warranted by existing law or a good faith argument. *See* NRCP 11. If a pleading, motion, or other paper is signed in violation of this rule, "the court, upon motion . . . shall impose upon the person who signed it, . . . an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred . . . including a reasonable attorney fee." *Id.* In a supplemental order dated September 17, 1990, the district court judge concluded that the attorney malpractice cause of action filed by Douglas Norberg was not filed and pursued in good faith in light of the *Semenza* ruling. Therefore, the court ordered Douglas Norberg to pay $1,500.00 in attorney's fees to opposing counsel. We believe this sanction is inappropriate.

Douglas Norberg's decision to file the attorney malpractice cause of action prior to the conclusion of the underlying unlawful detainer lawsuit was warranted by ambiguities in the existing law and was founded upon a reasonable belief that the statute of limitations might preclude the action if it were filed at a later date. We cannot fault appellant's counsel for zealously protecting his client's interests. Thus, while we affirm the district court's

---

[2]NRS 11.207(1) provides:

    1. No action against any accountant, attorney or veterinarian to recover damages for malpractice, whether based on a breach of duty or contract, may be commenced more than 4 years *after the plaintiff sustains damage* and discovers or through the use of reasonable diligence should have discovered the material facts which constitute the cause of action.

(Emphasis added.)

decision to dismiss the attorney malpractice cause of action without prejudice, we reverse the district court sanctions levied against appellant's counsel.