971 P.2d 789 (1998)
Jill E. KOPICKO and Ronald Kopicko, Appellants,
v.
Richard W. YOUNG, Individually and Law Offices of Richard W. Young, a Professional Corporation, Respondents.
No. 29444.
Supreme Court of Nevada.
December 30, 1998.
Springmeyer Law Firm, Minden, for Appellants.
Wait & Shaffer, Reno, for Respondents.

OPINION
MAUPIN, J.
Appellants Jill E. Kopicko and Ronald Kopicko (collectively, "the Kopickos") retained respondents Richard W. Young and the Law Offices of Richard W. Young, a Professional Corporation ("Young"), to represent them in *790 a products liability action against breast implant manufacturers. On December 4, 1989, the Kopickos filed a complaint for personal injuries naming Mentor Corporation, Heyer-Schulte, American Hospital Supply Corporation, and Does 1-20. Young then discovered that the manufacturer of the implants was Dow Corning Corporation ("Dow"). On January 25, 1991, Young filed a stipulation for dismissal of all defendants. The court ordered dismissal with prejudice.
On February 1, 1991, through Young, the Kopickos moved for leave to amend the complaint in the original action to add Dow as a defendant. The district court denied this motion because the case had previously been dismissed, in its entirety, with prejudice.
On February 12, 1991, Young held a meeting with the Kopickos in which he informed them that there might be a problem with their case. On February 13, 1991, Young wrote the Kopickos a letter advising them that their case had been dismissed and outlined possible alternatives for future action. However, Young made it clear that any chance for success was poor and that, in his opinion, the suggested alternatives would be unsuccessful. Young's letter also advised the Kopickos of a potential legal malpractice claim against him and that they should seek other counsel.
The Kopickos acknowledged the letter and told Young to pursue the alternate course of action. Shortly after the exchange of letters, the Kopickos spoke with another attorney about the situation. However, that attorney did not intervene.
On May 21, 1991, Young filed a complaint in federal court against Dow. The matter was transferred to the Northern District of Alabama per 28 U.S.C. § 1407, but was dismissed on statute of limitation grounds by order of October 12, 1993.[1]
On October 16, 1995, the Kopickos filed a complaint against Young for legal malpractice based upon his representation of them in their action against Dow. On February 8, 1996, Young filed a motion to dismiss on the grounds that the Kopickos' claim was barred under the four-year limitation period of NRS 11.207(1).[2] The district court ordered the case dismissed on these grounds, concluding that the statute began to run on February 13, 1991, when Young informed the Kopickos of a potential malpractice claim against him.
On June 11, 1996, the Kopickos filed a motion for reconsideration, which the district court denied. The Kopickos now appeal.

DISCUSSION
"If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, [a motion to dismiss under NRCP 12(b)(5)] shall be treated as one for summary judgment and disposed of as provided in Rule 56." NRCP 12(c).
Here, Young's motion for dismissal was supported by a number of documents that were outside the pleadings, including the correspondence between Young and the Kopickos. The district court's order similarly relied on these documents. Therefore, we conclude that the district court's dismissal of the case must be reviewed as an order granting summary judgment in Young's favor.
It is well settled that summary judgment should be granted only when, based upon the pleadings and discovery on file, no genuine issue of material fact exists for trial. NRCP 56(c). A genuine issue of material fact exists when a reasonable jury could return a verdict for the non-moving party. Posadas v. City of Reno, 109 Nev. 448, 452, 851 P.2d 438, 441-42 (1993). While this court construes the pleadings and proof in the light most favorable to the non-moving party, that party is not entitled to build its case on "gossamer threads of whimsy, speculation, *791 and conjecture." Id. This court reviews orders granting summary judgment de novo. Bulbman, Inc. v. Nevada Bell, 108 Nev. 105, 110, 825 P.2d 588, 591 (1992).
The Kopickos first argue that the district court erred by finding that the statute of limitations barred their claim against Young. The Kopickos postulate that they did not sustain damages until the "Dow issue" was ultimately resolved. We agree.
The district court resolved this matter based upon the Kopickos' "discovery" of the existence of their claim in February of 1991. Rather than dispose of this matter based upon "discovery" of the claim for legal injury, this matter should have been resolved based upon the fact that the cause of action for professional negligence did not accrue until the federal district court dismissed the underlying matter on October 12, 1993. While the alleged acts of omission constituting malpractice clearly had occurred as of the time of Mr. Young's correspondence of February 13, 1991, legal damages were not sustained until the federal action against Dow was dismissed on statute of limitation grounds.
This matter involves a claim that, through an act of professional negligence, Young allowed the limitation period on the underlying suit to expire. That action was per se viable until the limitation defense was affirmatively alleged and the matter resolved on that basis. The limitation defense was subject to waiver if not alleged, and a number of tolling issues required resolution before the matter could be dismissed. See FRCP 8(c). Therefore, the ultimate malpractice action against Young did not accrue until dismissal because no legal damages had yet been sustained as a result of the alleged negligence.[3]Compare, Semenza v. Nevada Med. Liability Ins. Co., 104 Nev. 666, 668, 765 P.2d 184, 186 (1988), and K.J.B., Inc. v. Drakulich, 107 Nev. 367, 811 P.2d 1305 (1991).
For the foregoing reasons, we conclude that the trial court erred by granting Young's motion for summary judgment. Accordingly, we reverse the order of the district court and remand the case for further proceedings consistent with this opinion.[4]
SHEARING and ROSE, JJ., concur.
SPRINGER, C.J., concurring.
I agree with the majority's holding that the malpractice action against Young did not accrue until dismissal of the litigation in which the negligence allegedly occurred. The majority rightly concludes that no legal damages had been sustained as a result of the alleged negligence until the occurrence of that event. I write separately to note that this conclusion is compelled by our decision in K.J.B., Inc. v. Drakulich, 107 Nev. 367, 811 P.2d 1305 (1991), which is cited in the briefs. In K.J.B. this court held that "the statute of limitations in NRS 11.207(1) does *792 not commence to run against a cause of action for attorney malpractice until the conclusion of the underlying litigation wherein the malpractice allegedly occurred." 107 Nev. at 370, 811 P.2d at 1306. We reasoned that, pursuant to NRS 11.207(1), the statute of limitations will not commence to run until the plaintiff sustains damage as a result of the attorney's conduct and that:
"Where there has been no final adjudication of the client's case in which the malpractice allegedly occurred, the element of injury or damage remains speculative and remote, thereby making premature the cause of action for professional negligence." Semenza v. Nevada Med. Liability Ins. Co., 104 Nev. 666, 765 P.2d 184 (1988) (quoting Amfac Distribution Corp. v. Miller, 138 Ariz. 155, 673 P.2d 795, 796 ([Ariz.Ct.App.] 1983).
107 Nev. at 369-70, 811 P.2d at 1306. In the present case, which also arises out of alleged litigation malpractice, the element of damage similarly remained speculative and remote until dismissal of the underlying litigation, and thus insufficient to give rise to the professional negligence cause of action.
I also agree with the majority that Gonzales v. Stewart Title, 111 Nev. 1350, 905 P.2d 176 (1995), is factually inapposite, although I disagree with the majority's intimation in footnote three that there is anything in Gonzales that is contrary to today's decision. In Gonzales, a transactional malpractice case, this court held that the statute of limitations commenced to run prior to the completion of litigation arising out of the defendant attorney's allegedly negligent drafting of a promissory note. Gonzales expressly distinguished K.J.B., the controlling authority in this case, reasoning: "While K.J.B. involved attorney error in the course of litigation, the instant case involved a drafting error that gave rise to the litigation...." 111 Nev. at 1352-53, 905 P.2d at 177. Contrary to the assertion in Justice Young's dissent that Gonzales is irreconcilable with today's ruling, Gonzales in fact reaffirmed the principle that, in a litigation malpractice case, the statute of limitations does not commence to run until completion of the underlying litigation in which the negligence allegedly occurred. As set forth in Gonzales: "Unlike a drafting error that gives rise to a lawsuit, the existence of any damages from an error in ongoing litigation is not known until the litigation concludes. Consequently, the elements of the limitation statute are not satisfied until that time." Id. at 1354, 905 P.2d at 179.
YOUNG, J., dissenting.
I disagree with both the reasoning and the result of the majority opinion, and therefore dissent.
The majority claims that the malpractice action did not accrue until dismissal of the underlying litigation because no legal damages had been sustained. However, we have previously held in Gonzales v. Stewart Title, 111 Nev. 1350, 1353, 905 P.2d 176, 178 (1995), that the "exact numerical extent of those damages" need not be determined to begin the running of the statute of limitations. The litigant merely had to know or should have known of the existence of damages to start the statute of limitations running.[1]
The majority concludes that Gonzales and Charleson are inapposite because they are transactional rather than litigational malpractice cases. However, Gonzales specifically held that it was not distinguishing between transactional and litigational malpractice cases. Gonzales, 111 Nev. at 1354, 905 P.2d at 179. Therefore, the majority today overrules Gonzales to that extent.
I believe that there is no reason to differentiate between attorney malpractice actions that occur in the context of litigation and those that arise out of a transactional setting *793 for purposes of determining the running of the statute of limitations. In either case, a cause of action for attorney malpractice should begin to run when the litigant knows or should have known of the existence of any damages. "Public policy encourages litigants to bring their actions to an end as quickly as possible, hence the existence of statute of limitations." Id. at 1352, 905 P.2d at 177.
The legislature did not feel it necessary to distinguish between transactional malpractice actions and litigational malpractice actions. Why should this court do so now? The majority fails to provide any explanation as to why this court should adopt two separate rationales concerning the statute of limitations for attorney malpractice in transactional and litigational cases. My colleagues also do not point out how overruling Gonzales will make the law in this area better. In my view, the result of the majority's opinion will be confusion for the practicing attorney.
I conclude that there is no reason to disturb the rationale of Gonzales, and the majority provides no analysis or reasoning to persuade me otherwise. I still believe today, as I did in Gonzales, that a litigant "sustains damages" when he or she discovers their existence, not when damages are calculated to an exact dollar amount. Here, the Kopickos knew or should have known of the existence of damages when Young advised them that they might have an action against him due to his failure to name the correct defendants in their complaint. Hence, under Gonzales, the four-year statute of limitations began to run, at the very latest, on February 13, 1991, thereby barring the Kopickos' claim filed on October 16, 1995.
For the reasons discussed above, I respectfully dissent.
NOTES
[1] Thereafter, the federal district court granted preliminary approval of a settlement of a breast implant products liability class action suit. Jill opted into this settlement, pursuant to which she was entitled to recover $630,000.00. However, on May 15, 1995, Dow filed for bankruptcy. The Kopickos assert that this essentially precluded them from recovering under the terms of the settlement.
[2] The applicability of the two-year limitation period of NRS 11.207(1) is not at issue.
[3] We have previously held that "[a]n action [for attorney malpractice] accrues when the litigant discovers, or should have discovered, the existence of damages, not the exact numerical extent of those damages." Gonzales v. Stewart Title, 111 Nev. 1350, 1353, 905 P.2d 176, 178 (1995). Additionally, we have held that the statute of limitations begins to run in an attorney malpractice action when the plaintiffs knew or should have known of damages sustained even though the underlying litigation continued. Charleson v. Hardesty, 108 Nev. 878, 883-84, 839 P.2d 1303, 1307 (1992). These cases are inapposite because they involve claims of transactional rather than litigational malpractice. As explained, termination of the underlying proceedings was critical in the context of a claim of litigation negligence. Thus, to the extent that Gonzales rejects a distinction between transactional and litigation malpractice, Gonzales is hereby overruled.

Additional comment is required with regard to our ruling in Gonzales that "discovery" of an act of transactional legal malpractice requires suit to conclusion against the attorney when there is pending separate litigation that would define the extent of damages. We now conclude that, in the context of transactional legal malpractice, the presence of separate litigation regarding the transaction as of the commencement of the malpractice action will compel a stay of the malpractice action pending the resolution of the underlying action. That stay is effective for the purpose of the two- and five-year provisions of NRCP 41(e). To that further limited extent, Gonzales is also overruled.
[4] We take this opportunity to note that the February 1991 letter from Young to the Kopickos exuded the type of professionalism we expect from attorneys licensed in this state. We make no comment on the merits of the negligence and causation claims.
[1] Chief Justice Springer's concurrence concludes that K.J.B. disposes of the issue at bar because that case holds that damages in litigational malpractice suits are not sustained until the conclusion of the underlying litigation. However, in Gonzales, which was decided four years after K.J.B., this court suggested that a plaintiff "`sustains damage' by assuming the expense, inconvenience and risk of having to maintain such litigation, even if he wins it." Gonzales v. Stewart Title, 111 Nev. 1350, 1354, 905 P.2d 176, 179 (1995). This court went on to say that other statutory limitations are not tolled in order to wait for damages to accrue to a sum certain. Hence, I conclude that the rule in Gonzales should be followed over that in K.J.B.