Springer, C.J.,
concurring:
I agree with the majority’s holding that the malpractice action against Young did not accrue until dismissal of the litigation in which the negligence allegedly occurred. The majority rightly concludes that no legal damages had been sustained as a result of the alleged negligence until the occurrence of that event. I write separately to note that this conclusion is compelled by our decision in K.J.B., Inc. v. Drakulich, 107 Nev. 367, 811 P.2d 1305 *1338 (1991), which is cited in the briefs. In K.J.B. this court held that “the statute of limitations in NRS 11.207(1) does not commence to run against a cause of action for attorney malpractice until the conclusion of the underlying litigation wherein the malpractice allegedly occurred.” 107 Nev. at 370, 811 P.2d at 1306. We reasoned that, pursuant to NRS 11.207(1), the statute of limitations will not commence to run until the plaintiff sustains damage as a result of the attorney’s conduct and that:
“Where there has been no final adjudication of the client’s case in which the malpractice allegedly occurred, the element of injury or damage remains speculative and remote, thereby making premature the cause of action for professional negligence.” Semenza v. Nevada Med. Liability Ins. Co., 104 Nev. 666, 765 P.2d 184 (1988) (quoting Amfac Distributing Corp. v. Miller, 673 P.2d 795, 796 ([Ariz. Ct. App.] 1983).
107 Nev. at 369-70, 811 P.2d at 1306. In the present case, which also arises out of alleged litigation malpractice, the element of damage similarly remained speculative and remote until dismissal of the underlying litigation, and thus insufficient to give rise to the professional negligence cause of action.
I also agree with the majority that Gonzales v. Stewart Title, 111 Nev. 1350, 905 P.2d 176 (1995), is factually inapposite, although I disagree with the majority’s intimation in footnote three that there is anything in Gonzales that is contrary to today’s decision. In Gonzales, a transactional malpractice case, this court held that the statute of limitations commenced to run prior to the completion of litigation arising out of the defendant attorney’s allegedly negligent drafting of a promissory note. Gonzales expressly distinguished K.J.B., the controlling authority in this case, reasoning: “While K.J.B. involved attorney error in the course of litigation, the instant case involved a drafting error that gave rise to the litigation . . . .” 111 Nev. at 1352-53, 905 P.2d at 177. Contrary to the assertion in Justice Young’s dissent that Gonzales is irreconcilable with today’s ruling, Gonzales in fact reaffirmed the principle that, in a litigation malpractice case, the statute of limitations does not commence to run until completion of the underlying litigation in which the negligence allegedly occurred. As set forth in Gonzales: “Unlike a drafting error that gives rise to a lawsuit, the existence of any damages from an error in ongoing litigation is not known until the litigation concludes. Consequently, the elements of the limitation statute are not satisfied until that time.” Id. at 1354, 905 P.2d at 179.