**Patricia KOPIT, Plaintiff—Appellant,**

**v.**

**Geoffrey WHITE, individually and on behalf of the Law Offices of White & Meany, Defendant—Appellee.**

No. 03–16210.

D.C. No. CV–01–00037–ECR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2005.

Decided May 12, 2005.

---

** The Honorable Charles C. Lovell, Senior United States District Judge for the District of Montana, sitting by designation.

Patricia Kopit, San Diego, CA, pro se.

William Cobb, Erickson, Thorpe & Swainston, John D. Vogel, Billy Shepherd, Eugene J. Wait, Jr., Wait Law Firm, Reno, NV, for Defendant–Appellee.

Before LAY,* B. FLETCHER, and HAWKINS, Circuit Judges.

### MEMORANDUM**

Plaintiff-appellant Patricia Kopit ("Kopit") appeals the district court's grant of summary judgment for defendants, her former lawyers, in this Nevada common law action for legal malpractice and related claims. Kopit has filed a series of products liability claims against the manufac-turers of her breast implants. The last of these, filed in California state court, was dismissed in March 2000. Kopit's main allegation here is that the defendants proximately caused this dismissal by their negligence in their representation of Kopit in a prior products liability action in Nevada state court. According to Kopit, her lawyers dismissed her Nevada case pursuant to a stipulation that they led her to believe would preserve her ability to refile timely in California by tolling the statute of limitations during the pendency of the Nevada action. The stipulation did not in fact do this, and Kopit did not receive a copy of the stipulation until after her Nevada case had been dismissed. When she attempted to refile in California, her suit was dismissed based on the statute of limitations.

Finding Kopit's current action untimely under the Nevada statute of limitations for legal malpractice, the district court granted summary judgment in favor of the defendants. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

The current Nevada statute governing legal malpractice claims, which applies here, reads in relevant part:

An action against an attorney . . . to recover damages for malpractice . . . must be commenced within 4 years after the plaintiff sustains damage or within 2 years after the plaintiff discovers or through the use of reasonable diligence should have discovered the material facts which constitute the cause of action, whichever occurs earlier.

Nev.Rev.Stat. § 11.207(1).

Kopit filed this malpractice lawsuit on January 17, 2001. The dispositive ques-

---

* Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion in this case is when Kopit discovered the "material facts which constitute the cause of action."

The elements of a legal malpractice claim are: "[1] the existence of an attorney-client relationship, [2] the existence of a duty on the part of a lawyer, [3] failure to perform the duty, and [4] the negligence of the lawyer as a proximate cause [5] of damage to the client." *Warmbrodt v. Blanchard*, 100 Nev. 703, 692 P.2d 1282, 1285 (1984) (per curiam) (citations, internal quotation marks, and alteration omitted). For legal malpractice, then, one of the "material facts which constitute the cause of action" is damage to the client.

In general, damage to the client for the purpose of a legal malpractice claim occurs at the time there is an adverse resolution of the underlying action that is the subject of the malpractice claim. *Clark v. Robison*, 113 Nev. 949, 944 P.2d 788, 789–90 (1997) (per curiam). More specifically, in *Kopicko v. Young*, 114 Nev. 1333, 971 P.2d 789 (1998), the Nevada Supreme Court rejected the proposition that damages exist as soon as an attorney's negligence has caused a statute of limitations problem with the underlying lawsuit. Rather, because a limitations defense is subject to such uncertainties as the possibility of waiver if not alleged by the defense or the chance that the plaintiff can assert a successful claim to tolling, the underlying action—which, the court made clear, includes the attempted refiling of the claim the attorney is alleged to have handled negli-

gently—is "per se viable until the limitation defense [is] affirmatively alleged and the matter resolved on that basis." *Id.* at 791.[1]

Under Nevada law, then, Kopit did not sustain legal damages until the California court dismissed her underlying breast-implant lawsuit on March 10, 2000, based on the statute of limitations. Damage to the client is one of the "material facts which constitute the cause of action." Therefore, Kopit could not have discovered the "material facts which constitute the cause of action" before March 10, 2000. The statute of limitations gave Kopit two years from that date to file her lawsuit. She did so on January 17, 2001. Kopit's suit was therefore timely, and summary judgment for the defendants on the basis of the statute of limitations was improper.[2]

All pending motions are denied as moot.

**REVERSED AND REMANDED.**

---

1. The district court here concluded that *Kopicko* did not apply because that case involved the old version of the statute of limitations. While it is true that Kopit's claim must be analyzed under the current statute and not the old one, the district court erred in concluding that it could simply ignore *Kopicko*, which sets forth common law principles regarding the nature of damages for legal malpractice claims generally, not just under old Nev.Rev.Stat. § 11.207(1).

2. The defendants assert several alternative theories in support of affirmance. Although we may affirm the district court on any ground supported by the record, *N. Mariana Is. v. United States*, 399 F.3d 1057, 1060 (9th Cir.2005), we decline to address defendants' arguments in the first instance so that the district court, with its greater familiarity with the facts and the record, may do so.