**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAE-SI KIM and JIN-SUNG HONG, | No. 13-16311 |
| Plaintiffs - Appellants, | D.C. No. 2:09-cv-02008-PMP-GWF |
| v. | |
| ADAM B. KEARNEY; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Submitted March 13, 2015[**]
San Francisco, California

Before: BERZON, BYBEE, and OWENS, Circuit Judges.

Appellants Tae-Si Kim and Jin-Sung Hong appeal the district court's grant

of summary judgment for Appellees Richard L. Tobler and his law firm Richard L.

Tobler, Ltd. in this Nevada common law action for legal malpractice and related

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

claims. We review de novo a district court's order granting summary judgment and its interpretation of state law. *Garcia v. PacifiCare of Cal., Inc.*, 750 F.3d 1113, 1115 (9th Cir. 2014). We have jurisdiction under 28 U.S.C § 1291, and we affirm.

The district court dismissed Appellants' claims as untimely under Nevada Revised Statutes § 11.207(1). This statute provides, in relevant part, that "[a]n action against an attorney . . . to recover damages for malpractice . . . must be commenced within 4 years after the plaintiff sustains damage or within 2 years after the plaintiff discovers or through the use of reasonable diligence should have discovered the material facts which constitute the cause of action, whichever occurs earlier." As an initial matter, Appellants argue that the district court erred by treating the two limitations periods as disjunctive; that is, they contend that they must demonstrate that they complied with *either* the 2-year or the 4-year time limitation, not both. This argument, however, is foreclosed by the Nevada Supreme Court's recent decision in *Brady, Vorwerck, Ryder & Caspino v. New Albertson's, Inc.*, 333 P.3d 229, 233 (Nev. 2014) (en banc) ("[T]he statute places four-year and two-year time limitations on an attorney malpractice claim . . . . The first time limitation to expire governs the timeliness of the malpractice action.").

Appellants next claim that the district court erred by rejecting their argument that they complied with the 4-year time limitation because they did not "sustain[] damage" until Adam Kearney's liability was conclusively adjudicated in January 2011. Appellants are correct that the Nevada Supreme Court has held that "termination of the underlying proceedings [i]s critical in the context of a claim of litigation negligence," but they ignore the Nevada Supreme Court's admonition that such cases are "inapposite" to a claim of "transactional" malpractice such as the one at issue in this appeal. *Kopicko v. Young*, 971 P.2d 789, 791 n.3 (Nev. 1998). In the context of transactional malpractice, the Nevada Supreme Court has held that plaintiffs "sustain[] damage" as soon as a wrongdoer takes advantage of a negligently drafted document to abscond with their money. *See Charleson v. Hardesty*, 839 P.2d 1303, 1307 (Nev. 1992) (per curiam). Because this occurred, at the latest, in June 2007 in this case—and Appellants did not file their claims against Appellees until January 2012—the district court correctly concluded that Appellants' claims were untimely.[1]

---

[1] Appellants also argue that the district court erred in concluding that they did not pursue their claims against Appellees until they filed their second amended complaint in January 2012. Nevertheless, even if the district court had concluded that the statute of limitations was tolled when Appellants sought leave to amend in August 2011, their claims still would have been untimely.

3

Appellants' final argument is that the district court's order was "inappropriate" because its reasoning conflicted with an earlier order granting a different attorney's motion to dismiss. There was nothing inconsistent about the two orders. The earlier order involved a claim of litigational malpractice while the order under review involves a claim of transactional malpractice; as noted above, the Nevada Supreme Court has held that such claims should be treated differently.

**AFFIRMED.**