An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ROLLAND P. WEDDELL, AN
INDIVIDUAL,
Appellant,
vs.
CHRIS D. NICHOLS, ESQ., AN
INDIVIDUAL; AND BELDING, HARRIS
& PETRONI,
Respondents.

No. 66887

FILED

JUN 2 4 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY

DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order dismissing a legal malpractice action. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

Having considered the parties' arguments and the record, we conclude that the district court properly dismissed appellant's legal malpractice claim as time-barred under NRS 11.207(1). *See In re AMERCO Derivative Litig.*, 127 Nev. 196, 228, 252 P.3d 681, 703 (2011) ("If the allegations contained in the . . . complaint demonstrate that the statute of limitations has run, then dismissal upon the pleadings is appropriate."). In particular, the district court properly characterized appellant's legal malpractice claim as one involving transactional malpractice and properly concluded that the litigation malpractice tolling rule was inapplicable. *See Moon v. McDonald, Carano & Wilson LLP*, 129 Nev., Adv. Op. 56, 306 P.3d 406, 409 (2013) (recognizing that litigation malpractice, as opposed to transactional malpractice, is "legal malpractice committed in the representation of a party to a lawsuit" (internal quotation omitted)); *Gonzales v. Stewart Title of N. Nev.*, 111 Nev. 1350, 1354, 905 P.2d 176, 178 (1995) ("A plaintiff necessarily 'discovers the

15-19295

material facts which constitute the cause of action' for [transactional] attorney malpractice when he files or defends a lawsuit occasioned by that malpractice, and he 'sustains damage' by assuming the expense, inconvenience and risk of having to maintain such litigation, even if he wins it." (quoting NRS 11.207(1)), *overruled on other grounds by Kopicko v. Young*, 114 Nev. 1333, 971 P.2d 789 (1998).[1]

For the same reasons, the district court properly dismissed appellant's breach of fiduciary duty claim, *see Stalk v. Mushkin*, 125 Nev. 21, 29-30, 199 P.3d 838, 844 (2009), and appellant's fraud claim, *see* NRS 11.190(3)(d). We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Patrick Flanagan, District Judge
       Robert L. Eisenberg, Settlement Judge
       Day R. Williams, Attorney at Law
       Laxalt & Nomura, Ltd./Reno
       Washoe District Court Clerk

---

[1]We are not persuaded by appellant's suggestion that the course of action proposed in *Kopicko v. Young*, 114 Nev. 1333, 1337 n.3, 971 P.2d 789, 791 n.3 (1998), is unworkable so as to necessitate applying the litigation malpractice tolling rule in the transactional malpractice context.