*950
 
 OPINION
 

 Per Curiam:
 

 Mark Bryan Clark was convicted of murder with use of a deadly weapon in 1986, and the conviction was affirmed on direct appeal in 1987. In 1988, Clark petitioned the district court for post-conviction relief on the ground that he was denied effective assistance of counsel because, at the time of his murder trial, his defense counsel was suing him in an unrelated civil action. In 1990, the district court denied Clark’s petition. This court, in 1992, reversed the order of the district court and granted Clark post-conviction relief. In 1993, Clark was acquitted on retrial.
 

 Clark subsequently brought a legal malpractice action against his trial counsel. The district court granted the trial counsel’s motion for summary judgment on the ground that the four-year statute of limitations had expired. Clark now appeals from the order granting summary judgment.
 

 Summary judgment is only appropriate when no genuine issues of material fact remain for trial and the moving party is entitled to judgment as a matter of law. Bird v. Casa Royale West, 97 Nev. 67, 624 P.2d 17 (1981). Summary judgment is proper when a
 
 *951
 
 cause of action is barred by the statute of limitations. Charleson v. Hardesty, 108 Nev. 878, 839 P.2d 1303 (1992).
 

 NRS 11.207 outlines the statute of limitations period for legal malpractice as four years from the time the plaintiff sustains damages and discovers or should have discovered the material facts contributing to the cause of action. In determining whether a statute of limitations has run against an action, the time must be computed from the day the cause of action accrued. White v. Sheldon, 4 Nev. 280, 288-89, 3-4 Nev. 739, 747-48 (1868). A cause of action “accrues” when a suit may be maintained thereon. Black’s Law Dictionary at 19 (5th ed. 1979). Damages for attorney malpractice are premature and speculative until the conclusion of the underlying lawsuit in which the professional negligence allegedly occurred; therefore, the statute of limitations begins to run when the underlying litigation is concluded. K.J.B. v. Drakulich, 107 Nev. 367, 811 P.2d 1305 (1991).
 

 In a legal malpractice case arising from criminal defense, however, proximate cause does not exist until post-conviction or appellate relief is granted. Morgano v. Smith, 110 Nev. 1025, 1029, 879 P.2d 735, 737 (1994). “[T]he plaintiff must plead that he or she has obtained appellate or post conviction relief in order to overcome a motion for summary judgment or a motion to dismiss.”
 
 Id.
 

 Robison argues that Clark had discovered the malpractice at least by the time he claimed ineffective assistance of counsel at his sentencing hearing and on direct appeal. Robison contends that this discovery coupled with the damages Clark sustained by being convicted and imprisoned commenced the running of the statute of limitations under NRS 11.207.
 

 Criminal defendants claiming attorney malpractice are in a distinct circumstance with regard to statutes of limitation in that their causes of action do not accrue or become actionable until they are granted appellate or post-conviction relief.
 
 [1]
 

 See
 
 
 *952
 

 Morgano,
 
 110 Nev. 1025, 879 P.2d 735. Prior to gaining such relief, a cause of action for legal malpractice lacks the essential element of proximate causation and therefore would not survive a motion for summary judgment or a motion to dismiss.
 

 Other states have addressed this issue, holding that a litigant’s malpractice claim is not ripe until post-conviction or appellate relief is granted. Once relief is granted, the statute of limitations for legal malpractice begins to run. Shaw v. State Dept. of Admin., PDA, 816 P.2d 1358 (Alaska 1991); Stevens v. Bispham, 851 P.2d 556, 561, 566 (Or. 1993)(for a convicted criminal to maintain a legal malpractice action against former defense counsel, plaintilf must allege exoneration of the underlying olfense through reversal on direct appeal, post-conviction relief or other means). This court specifically adopted this “no relief-no harm” approach in
 
 Morgaño.
 

 The district court’s order granting summary judgment states:
 

 I adopt the holding and reasoning in
 
 Bailey
 
 v.
 
 Tucker,
 
 621 A.2d 108 (Pa. 1993). The starting point for the running of the statute of limitations is when the aggrieved party becomes aware of the malpractice. In this case, plaintiff clearly was aware of the alleged malpractice by November 14, 1988 when he filed his post-conviction pleading alleging ineffective counsel. This action was commenced June, 1994, two years beyond the requirement of the statute of limitations.
 

 We conclude that the district court’s ruling is in direct contravention of
 
 Morgaño.
 
 Because Clark filed his action within four years of obtaining post-conviction relief, Robison was not entitled to judgment as a matter of law based on the expiration of the statute of limitations. Accordingly, we conclude that the district court erred by granting Robison’s motion for summary judgment. We therefore reverse the order of the district court and remand this case for further proceedings.
 

 [1]
 

 In
 
 Day v. Zubel,
 
 we concluded that the statute of limitations commenced on the final termination of a criminal proceeding in the claimant’s favor. 112 Nev. 972, 922 P.2d 536 (1996). The final termination of Day’s proceedings occurred after his petition for a writ of habeas corpus was granted, a new trial was ordered and all criminal charges were reversed. We held that “prior to [the date the conviction was reversed], it was impossible for Day to file his claim for wrongful arrest, conviction and incarceration because he was still subject to retrial and could have been re-convicted on the underlying [] claim. Such a conviction would have eviscerated his civil rights claims.”
 
 Id.
 
 The rationale for commencing the statute of limitations only after relief is obtained applies equally to the instant case.