THE STATE OF NEVADA EX REL. DEPARTMENT OF TRANS-
PORTATION, APPELLANT, v. PUBLIC EMPLOYEES' RE-
TIREMENT SYSTEM OF NEVADA, A PUBLIC AGENCY,
RESPONDENT.

No. 38388

January 30, 2004                                      83 P.3d 815

*Brian Sandoval,* Attorney General, and *Brian R. Hutchins,* Chief Deputy Attorney General, Carson City; *Easterly Armstrong & Lambert* and *John E. Lambert,* Elko, for Appellant.

*Woodburn & Wedge* and *W. Chris Wicker,* Reno, for Respondent.

## OPINION

By the Court, SHEARING, C. J.:

This is an appeal from a district court order granting a petition for a writ of mandamus, directing the Nevada Department of

Transportation (NDOT) to pay the Public Employees' Retirement System of Nevada (PERS) $345,284.62 for back employee and employer contributions plus interest on behalf of five archeologists whom NDOT treated as independent contractors instead of employees. We affirm the judgment of the district court.

During the period from March 1982 to September 1991, NDOT contracted with five archeologists for services. NDOT treated the archeologists as independent contractors and, therefore, paid no contributions to the retirement system on their behalf. In 1997 and 1998, after one of the archeologists inquired of PERS about his status, PERS conducted an audit to determine whether the archeologists were employees or independent contractors. The auditors concluded that the terms under which the archeologists worked met the twenty-point test used by the Internal Revenue Service for classifying workers as employees rather than as independent contractors. The auditors recommended that NDOT be responsible for paying the full cost of the five archeologists' retroactive enrollment in the retirement system.

The audit report and NDOT's response was provided to the Public Employees' Retirement Board (the Board). After a hearing, the Board accepted the audit report and its recommendations and assessed NDOT $206,475.14 for unpaid employee/employer contributions, plus $138,809.49 in interest.

When NDOT failed to pay, PERS filed a petition for a writ of mandamus in the district court. NDOT filed a motion to dismiss the petition, arguing that the statute of limitations and laches bar recovery and that the archeologists were not employees during the contested period. The district court held that the statute of limitations had not run, laches was not applicable, and PERS's determination of the archeologists' status was not arbitrary and capricious, and issued the writ of mandamus. NDOT appeals.

*Statute of limitations*

The parties agree that the applicable statute of limitations is NRS 11.190(3)(a), which provides that the statute of limitations for ''[a]n action upon a liability created by statute'' is three years. The issue disputed by the parties is when the statute of limitations began to run. NDOT argues that the statute of limitations began to run in 1981 when NDOT first contracted with the five archeologists, because the archeologists are the real parties in interest.

''In determining whether a statute of limitations has run against an action, the time must be computed from the day the cause of ac-

tion accrued. A cause of action 'accrues' when a suit may be maintained thereon."[2] Nevada law mandates that the Board determine who are employees for purposes of enrollment in the retirement system.[3] The Board is responsible for managing the retirement system[4] and maintaining the public employees' retirement fund.[5] All public employers must participate in the retirement system and their employees must be members of the system.[6] Public employers must deposit all contributions into the retirement fund.[7] If a public employer fails to properly enroll an employee, the Board must seek contributions from the public employer as part of its statutory duty,[8] regardless of whether the employee wants PERS to pursue the action. For instance, even if the archeologists had agreed not to seek credit towards retirement, PERS would still have had to collect employer contributions from NDOT. PERS has a duty to manage the retirement system according to the statutes, and is not bound by options selected by the employees. Thus, PERS was the real party in interest for the underlying writ petition.

The cause of action against NDOT arose when the Board determined that the archeologists were employees, which occurred on April 14, 1999. Until that determination was made, there was no cause of action. After various attempts by PERS to collect from NDOT failed, PERS filed a petition with the district court on February 25, 2000, well within the three-year statute-of-limitations period.

### Doctrine of laches

NDOT argues that PERS's cause of action is barred by laches. The district court found that laches does not apply "because PERS had no knowledge of the relationship between NDOT and the subject archeologists until it audited the relationship. Knowledge on the part of the entity against whom laches is sought is an essential element of laches." We agree. Furthermore, NDOT did not show that any delay caused it prejudice. NDOT cannot avoid its statutory obligation by asserting the equitable doctrine of laches.[9]

---

[2]*Clark v. Robison,* 113 Nev. 949, 951, 944 P.2d 788, 789 (1997) (citations omitted).

[3]NRS 286.040(3).

[4]NRS 286.190(1).

[5]NRS 286.220.

[6]NRS 286.290. Chapter 286 does contain exceptions to this provision, however, this case does not fall into any of those exceptions.

[7]NRS 286.421(4). An exception does exist for police officers and firefighters. *Id.*

[8]*See* NRS 286.460(6).

[9]*See* NRS 286.290(2) (stating that all public employers must participate in the retirement system and their employees must be members of the system).

*Standard of review*

NRS 286.040(3) provides that ''[t]he board shall determine who are employees.'' No trial de novo in district court is allowed.[10] The decisions of the PERS Board are reviewable by the courts on the basis of the same standard of review applied to other administrative actions.[11] In this case, NDOT argues that PERS's finding is clearly erroneous and arbitrary and capricious. We disagree. The audit was based on interviews with NDOT employees, applicable law and policies, documentation provided by NDOT, cultural resource use permits, training certificates received by workers, and numerous memoranda from NDOT staff. Substantial evidence supports the PERS findings. This court will not ''substitute its judgment of the evidence for that of the administrative agency.''[12]

The order of the district court is affirmed. NDOT must pay the amount assessed for unpaid employee/employer contributions plus interest.[13]

AGOSTI, ROSE, BECKER, MAUPIN and GIBBONS, JJ., concur.

---

[10]*See* NRS 233B.135(3).

[11]*Id.*

[12]*United Exposition Service Co. v. SIIS,* 109 Nev. 421, 423, 851 P.2d 423, 424 (1993).

[13]Although NDOT is responsible for paying both employee and employer contributions under NRS 286.460(6), the statute also provides ''[t]he public employer is entitled to recover from the employee the employee contributions and interest thereon.''