IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| BRIAN K. TURNER; WAYNE K. TURNER; AND ESTATE OF GLADYS N. TURNER,<br>Appellants,<br>vs.<br>RENOWN REGIONAL MEDICAL CENTER, A NEVADA CORPORATION, D/B/A RENOWN REGIONAL MEDICAL CENTER; AND RENOWN HEALTH, A NEVADA CORPORATION, D/B/A RENOWN HEALTH,<br>Respondents. | No. 77312 |
| BRIAN K. TURNER; WAYNE K. TURNER; AND ESTATE OF GLADYS N. TURNER,<br>Appellants,<br>vs.<br>RENOWN REGIONAL MEDICAL CENTER, A NEVADA CORPORATION, D/B/A RENOWN REGIONAL MEDICAL CENTER; AND RENOWN HEALTH, A NEVADA CORPORATION, D/B/A RENOWN HEALTH,<br>Respondents. | No. 77841 |

FILED

APR 2 3 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

These are consolidated appeals from district court orders dismissing a complaint and awarding costs in a tort action. Second Judicial District Court, Washoe County; David A. Hardy, Judge.

On October 27, 2015, appellants Brian K. Turner's and Wayne K. Turner's mother, Gladys N. Turner, was hospitalized at Renown

Regional Medical Center for hypoglycemia. Renown designated her a high-fall-risk patient and took precautions to prevent her from getting out of bed unassisted. Nonetheless, on October 27, 2015, Gladys got out of bed unassisted to use the bathroom and fell. She suffered head injuries from the fall and died several days later.

On September 28, 2017, Brian and Wayne (collectively, the Turners) filed a complaint against respondents Renown Regional Medical Center and Renown Health (collectively, Renown) for negligence, negligence per se, wrongful death and survival action, which they amended on October 6, 2017. They alleged that on the night of the fall, Gladys pressed the call light twice but her nurse did not respond in time to assist her. Renown moved to dismiss or alternatively for summary judgment, arguing that the Turners' claims sound in medical malpractice, not negligence, and were therefore barred by NRS 41A.097(2)'s one-year statute of limitations. The district court denied Renown's motion without prejudice and ordered limited discovery on whether the claims sound in medical malpractice or negligence. After an evidentiary hearing, the district court dismissed the complaint, finding that the claims sound in medical malpractice and were therefore barred by NRS 41A.097(2)'s one-year statute of limitations.[1]

The Turners first assert that their claims are subject to NRS 11.190(4)(e)'s two-year statute of limitations for negligence claims instead

---

[1]After the district court scheduled an evidentiary hearing, the Turners moved for leave to file a second amended complaint to clearly state simple negligence and not medical malpractice claims. The district court deferred ruling on the motion and then inferentially denied it in its "Order After Hearing." Because the Turners do not meaningfully challenge the decision denying leave to amend on appeal but instead argue that the district court erred in concluding that their claims sound in medical malpractice, we limit our analysis accordingly.

SUPREME COURT
OF
NEVADA

(O) 1947A

of NRS 41A.097(2)'s one-year statute of limitations for medical malpractice claims. They argue that their claims, which allege that Renown was negligent in failing to respond to Gladys's call light, do not involve medical judgment, diagnoses, or treatment. Because the district court considered matters outside the pleadings in dismissing the complaint, we review its order as one granting summary judgment. *Coty v. Washoe Cty.*, 108 Nev. 757, 759, 839 P.2d 97, 98 (1992). We review a grant of summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). "Summary judgment is proper when a cause of action is barred by the statute of limitations." *Clark v. Robison*, 113 Nev. 949, 950-51, 944 P.2d 788, 789 (1997). We also review legal questions de novo, and whether a claim sounds in medical malpractice or negligence is a legal question. *See Wyeth v. Rowatt*, 126 Nev. 446, 460, 244 P.3d 765, 775 (2010) ("Appellate issues involving a purely legal question are reviewed de novo."); *see also Trowell v. Providence Hosp. & Med. Ctrs., Inc.*, 918 N.W.2d 645, 649 (Mich. 2018) ("Whether a claim sounds in ordinary negligence or medical malpractice is a question of law that is reviewed de novo.").

"Allegations of breach of duty involving medical judgment, diagnosis, or treatment indicate that a claim is for medical malpractice." *Szymborski v. Spring Mountain Treatment Ctr.*, 133 Nev. 638, 642, 403 P.3d 1280, 1284 (2017) (explaining that "if the jury can only evaluate the plaintiff's claims after presentation of the standards of care by a medical expert, then it is a medical malpractice claim"). To determine whether a claim is for medical malpractice or negligence, "we must look to the gravamen or substantial point or essence of each claim rather than its form." *Id.* at 643, 403 P.3d at 1285 (internal quotation marks omitted). The gravamen of the Turners' claims is that Renown failed to provide adequate

medical care to Gladys, who was a high-fall-risk patient. The Turners alleged that Renown had "a duty to *provide quality care*" and breached its duty when it "failed to develop and *provide services for the care of* [Gladys] . . . based upon [her] identified needs." (Emphasis added.) These allegations require evaluation of Renown's response to Gladys's individual needs as a high-fall-risk patient, which involves medical judgment and treatment.[2] Further, determination of whether Renown's response fell below the standard of care requires expert testimony as to the acceptable standard of care for treating a high-fall-risk patient.[3] Because the gravamen of the claims involves medical judgment and treatment and require expert testimony, we conclude that the district court did not err in determining that the claims sound in medical malpractice. We therefore affirm the district court's dismissal of the complaint under NRS 41A.097(2).

---

[2]We are unpersuaded by the Turners' argument that because no one was in Gladys's room when she fell, Renown was not treating Gladys or exercising medical judgment *at the time of the fall*. After designating Gladys a high-fall-risk patient, Renown took precautions to prevent Gladys from getting out of bed unassisted, which were all in effect at the time of the fall. Renown also decided to treat Gladys with sequential compression devices, or motorized devices that attach to a patient's legs, despite her designation as a high-fall-risk patient.

[3]The Turners argue that the correct inquiry is instead whether Renown's failure to respond to the nurse call light fell below the acceptable standard of care, which they argue is within the common knowledge of the average juror. We are not convinced that there is a meaningful difference between claims based on inadequate care and those based on failure to provide care. *See* NRS 41A.097(2)(c) (providing that the one-year statute of limitations applies to actions alleging injury or wrongful death caused by "error *or omission* in practice by the provider of health care" (emphasis added)).

The Turners also challenge the district court's exclusion of Nurse Lorie A. Demuysere's lay testimony that responding to a call light does not involve medical treatment or care. Renown objected to this testimony, arguing that it called for expert opinion, and the district court sustained the objection. The Turners now argue that as a nurse, Demuysere knows whether she is providing medical treatment and thus can testify about this fact without being qualified as an expert witness. We disagree.

As a lay witness, Demuysere could only provide opinions rationally based on her perception. NRS 50.265 (defining lay witness testimony). Whether certain practices constitute medical treatment, diagnoses, or judgment does not "concern information within the common knowledge of or capable of perception by the average layperson." *Burnside v. State*, 131 Nev. 371, 382-83, 352 P.3d 627, 636 (2015) (describing the type of testimony that constitutes lay testimony). Rather, such testimony requires specialized knowledge, which only expert witnesses may provide. NRS 50.275 (defining expert witness testimony). Thus, the district court did not abuse its discretion when it excluded Demuysere's testimony as impermissible lay opinion testimony. *See State v. Nev. Aggregates & Asphalt Co.*, 92 Nev. 370, 376, 551 P.2d 1095, 1098 (1976) (providing that a district court's decision to admit or exclude evidence "will not be interfered with on appeal in the absence of a showing of palpable abuse").

The Turners also challenge the district court's exclusion of statements Gladys made to Brian on the night of the fall. Renown moved to exclude these statements, arguing that they were inadmissible hearsay. The district court granted Renown's motion, finding that the statements were hearsay that did not fall into any exception to the hearsay rule. Although the district court granted Renown's motion to exclude Gladys's

SUPREME COURT
OF
NEVADA

(O) 1947A

5

statements, it nonetheless considered them in its analysis, noting that "for purposes of its analysis, this [c]ourt assumes the circumstances relayed by Ms. Turner to her son would be in evidence in some form." Thus, the Turners were not aggrieved by the district court's ruling and any alleged error was harmless. *See* NRAP 3A(a) (providing that an appellant must be aggrieved by a district court's order in order to have standing to appeal); NRCP 61 (providing that this court must disregard all errors that do not affect a party's substantial rights).

Finally, the Turners challenge the district court's award of costs to Renown. They argue that the district court's award of $443 for clerk's fees was unreasonable because Renown failed to attach a receipt to its verified memorandum of costs. Renown, however, was not required to provide documentation for the reimbursement of clerk's fees. *See* NRS 18.110(3) (providing that "[i]t shall not be necessary to embody in the memorandum the fees of the clerk, but the clerk shall add the same according to the fees of the clerk fixed by statute"). Nonetheless, it provided accounting records and explained each cost. Thus, we cannot conclude that the district court abused its discretion in awarding Renown $443 for clerk's fees. *See Cadle Co. v. Woods & Erickson, LLP*, 131 Nev. 114, 120, 345 P.3d 1049, 1054 (2015) (providing that we review a district court's award of costs for abuse of discretion).

The Turners also argue that the district court's award of $4,500 for one expert witness was unreasonable. NRS 18.005(5) provides that reasonable fees for expert witnesses may be recoverable as costs. Fees are limited to $1,500 per expert, "unless the court allows a larger fee after determining that the circumstances surrounding the expert's testimony were of such necessity as to require the larger fee." NRS 18.005(5). Here,

the district court provided detailed factual findings justifying its award of larger fees. It found that Renown's expert had 36 years of relevant experience and performed necessary work at a reasonable rate. It also found that reimbursement for seven hours of trial testimony was reasonable because although Renown's expert only testified for two hours, she "had to be present in the courthouse, consulting with counsel, and considering how real-time evidence presentation would affect her opinions and conclusions." Thus, although an award of $4,500 for one expert witness exceeds the presumptive limit, the district court analyzed the circumstances surrounding the expert testimony before determining that a larger fee award was warranted. The district court's rejection of Renown's request for travel costs also indicates that the district court independently analyzed the circumstances surrounding the expert testimony before reaching its conclusion. We therefore discern no abuse of discretion. *See Frazier v. Drake*, 131 Nev. 632, 652, 357 P.3d 365, 378 (Ct. App. 2015) (concluding that the district court abused its discretion because it "fail[ed] to adequately set forth the basis for its decision or address why the circumstances surrounding the expert's testimony necessitated the larger fee").

Accordingly, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. David A. Hardy, District Judge
       Madelyn Shipman, Settlement Judge
       Kent Law, PLLC
       McDonald Carano LLP/Reno
       Washoe District Court Clerk