ROY JEWETT AND LORENE JEWETT, APPELLANTS, v. SEYMOUR H. PATT, AKA SY PATT, AND STEVIE PATT, RESPONDENTS.

No. 9341

March 16, 1979                                    591 P.2d 1151

*Fray and Benson,* Reno, for Appellants.

*David Dean,* Reno, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

Roy and Lorene Jewett commenced this action for professional malpractice against attorney Seymour Patt. They joined his wife, Stevie, as a defendant alleging that Seymour's negligence occurred while he was acting on behalf of the community. The district court dismissed the action without prejudice as to Seymour, but with prejudice as to Stevie. We affirm.

1. On March 10, 1972, the Jewetts retained attorney Patt to recover damages sustained in an automobile accident on August 13, 1971. The adverse driver was Fred Marquardson. That action was not commenced until August 13, 1975. The record does not disclose whether the defendant or defendants therein named were served with process and filed responsive pleadings. Perhaps the two year statute of limitations bars that action if properly interposed as a defense. NRS 11.190(4)(e). However, limitations is not an automatic bar. For example, certain disabilities prevent the running of the statute. NRS 11.250. Consequently, we do not know whether limitations bars the Jewetts' action against Marquardson. Neither do we know whether the Jewetts have sustained damages by reason of attorney Patt's delay in bringing suit against Marquardson.

An action for professional malpractice does not accrue until the plaintiffs know, or should know, all facts material to the elements of the cause of action and damage has been sustained. Sorenson v. Pavlikowski, 94 Nev. 440, 581 P.2d 851 (1978); Neel v. Magana, Olney, Levy, Cathcart & Gelfand, 491 P.2d 421 (Cal. 1971); Budd v. Nixen, 491 P.2d 433 (Cal. 1971). The district court did not err in dismissing this action without prejudice against attorney Patt on the ground that it was premature.

2. The district court ruled that Stevie Patt could not be

liable for the professional malpractice, if any, of her husband Seymour. The claimed predicate for her liability was simply the fact of her marriage to Seymour. This is not enough. Whether community property is subject to a judgment against Seymour, if one is obtained, is another matter. Randono v. Turk, 86 Nev. 123, 466 P.2d 218 (1970). The district court did not err in dismissing the action against Stevie with prejudice.

Affirmed.

MOWBRAY, C. J, and GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.