LAWRENCE J. SEMENZA, Appellant, v. NEVADA MEDICAL LIABILITY INSURANCE COMPANY, Respondent.

No. 17903

December 9, 1988
765 P.2d 184

[Rehearing denied February 22, 1989]

*Beckley, Singleton, DeLanoy, Jemison & List,* Reno, and *Alverson & Taylor,* Las Vegas, for Appellant.

*Eugene J. Wait, Jr.* and *Don Springmeyer,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Georgette McNally sued Alan J. Mishler, M.D., claiming medical malpractice. At the time, Mishler's professional negligence insurer was the Nevada Medical Liability Insurance Company ("NMLIC"). NMLIC retained attorney Lawrence J. Semenza to represent Dr. Mishler in the malpractice action.

At trial, over several Semenza objections, McNally introduced a damaging hospital memorandum into evidence. The memorandum, which came to be known as the "dog letter," contained an emotional statement of opinion as to Dr. Mishler's capabilities and character. The "dog letter" undoubtedly contributed to the verdict against Dr. Mishler. The jury awarded McNally $1,149,262.48 in damages and Mishler appealed.

Subsequent to the filing of the *Mishler* appeal but prior to a decision by this court, NMLIC filed the instant action against Semenza claiming legal malpractice. Consolidated with NMLIC's action was Semenza's $9,496.50 claim against NMLIC for legal fees earned in defending Dr. Mishler. At trial, NMLIC maintained that Semenza negligently conducted discovery and negligently prepared for trial. With respect to Semenza's claim for legal fees, uncontroverted evidence was presented showing the amount of time expended, activities undertaken in Dr. Mishler's behalf, and Semenza's hourly rate.

On October 30, 1986, the jury returned a verdict for NMLIC and awarded $64,940.19 for past economic losses arising from the underlying medical malpractice action. A contingent judgment was also entered for all future losses. Nothing was awarded on Semenza's claim.

On December 23, 1986, the underlying medical malpractice judgment was reversed. Mishler v. McNally, 102 Nev. 625, 730 P.2d 432 (1986). In *Mishler* we stated, *inter alia,* that the admission of the "dog letter," discussed above, "constituted prejudicial error of a magnitude that demands reversal and a new trial." *Id.* at 629, 730 P.2d 432.

### DISCUSSION

Semenza contends on appeal that, given this court's holding in *Mishler,* the trial court erred in finding him guilty of legal malpractice and in failing to award him attorney's fees earned in defending Dr. Mishler. We agree with Semenza's contentions.

In Nevada, legal malpractice is premised upon an attorney-client relationship, a duty owed to the client by the attorney,

breach of that duty, and the breach as proximate cause of the client's damages. *See* Warmbrodt v. Blanchard, 100 Nev. 703, 706-707, 692 P.2d 1282, 1285 (1984). Such an action does not accrue until the plaintiff knows, or should know, all facts relevant to the foregoing elements and damage has been sustained. *See* Jewett v. Patt, 95 Nev. 246, 247, 591 P.2d 1151, 1152 (1979). More specifically, where damage has not been sustained or where it is too early to know whether damage has been sustained, a legal malpractice action is premature and should be dismissed. *Id.*, 591 P.2d at 1152. *See also* Boulder City v. Miles, 85 Nev. 46, 49, 449 P.2d 1003, 1005 (1969) ("[N]o one has a claim against another without having incurred damages").

From the above, it follows that a legal malpractice action does not accrue until the plaintiff's damages are certain and not contingent upon the outcome of an appeal. Amfac Distribution Corp. v. Miller, ·673 P.2d 795, 796 (Ariz.App. 1983). Specifically, "[w]here there has been no final adjudication of the client's case in which the malpractice allegedly occurred, the element of injury or damage remains speculative and remote, thereby making premature the cause of action for professional negligence." *Id.* Moreover, "[a]pparent damage may vanish with successful prosecution of an appeal and ultimate vindication of an attorney's conduct by· an appellate court." *Id. See also,* Woodruff v. Tomlin, 511 F.2d 1019, 1021 (6th Cir. 1975); Bowman v. Abramson, 545 F.Supp. 227, 228-229 (E.D.Pa. 1982). Therefore, it is only after the underlying case has been affirmed on appeal that it is appropriate to assert injury and maintain a legal malpractice cause of action for damages.

Moreover, we do not agree with NMLIC's contention that the appeal of the judgment against Mishler was a necessary result of legal malpractice that caused NMLIC to sustain damage by way of attorney's fees and costs in·prosecuting the appeal. If Mishler had realized a defense verdict in his trial, the plaintiff may have appealed, thereby causing NMLIC to incur attorney's fees on appeal. More importantly, however, this court will not countenance interlocutory-type actions for legal malpractice brought to trial while an appeal of the underlying case is still pending. If an appeal is taken in the underlying case, it is simply premature to proceed to trial on a legal malpractice claim until the appeal of the original judgment on the underlying cause of action has been finally resolved.

Having concluded that the instant action against Semenza was premature, we must also conclude that the trial court erred in rejecting the motion by Semenza's counsel to hold the trial in abeyance pending the outcome of the *Mishler* appeal. We note,

however, that the trial judge had ample reason to disapprove of the extreme tardiness of the motion, filed as it was, on the eve of trial. The motion accordingly had to be heard after summoning a venire and witnesses, and after counsel and the conscientious trial judge prepared over the weekend for trial.[1] It was nevertheless error to deny the motion and allow the trial to proceed to verdict and judgment on the legal malpractice issue. The motion should have been granted or the case dismissed without prejudice.

With respect to Semenza's claim for attorney's fees, we must again conclude that the district court erred. Specifically, both parties had the opportunity to present evidence concerning the value of Semenza's legal services, yet, only Semenza elected to do so. Because Semenza's evidence is uncontroverted and the verdict entered below against Semenza on the premature legal malpractice claim cannot stand, Semenza is entitled to judgment against NMLIC in the amount of $9,496.50 for his legal fees. Avery v. Gilliam, 97 Nev. 181, 625 P.2d 1066 (1981).

In conclusion, given the foregoing, we reverse the jury verdict and judgment entered thereupon, and remand with instructions to award Semenza attorney's fees consistent with the evidence presented at trial.[2]

---

[1]Although it was error to proceed to trial on the claim against Semenza, we leave it to the sound discretion of the trial judge as to whether, and on what legal basis, costs and fees resulting from the tardy motion may be imposed on Semenza or his counsel.

[2]THE HONORABLE E. M. GUNDERSON, Chief Justice, did not participate in the decision of this appeal.