VALLEY BANK OF NEVADA, SUCCESSOR IN INTEREST TO SECURITY BANK OF NEVADA, Appellant, v. ROBERT R. MARBLE AS TRUSTEE UNDER THE WILL OF ROBERT EMERSON MARBLE, Respondent.

No. 19445

June 22, 1989 775 P.2d 1278

*Beasley & Holden,* Reno, for Appellant.

*Lionel, Sawyer & Collins* and *Bert Goldwater,* Reno, for Respondent.

## OPINION

*Per Curiam:*

On June 26, 1973, Robert Emerson Marble executed his Last Will and Testament. Pursuant to that Will, two trusts were created upon his death, one for each of his two surviving children, Julia Marble Fishbacker and Robert R. Marble. Robert's trust provided that Robert was entitled to the annual net income of the trust plus a discretionary noncumulative amount of $5,000.00 or 5 percent of the trust's value at the end of each calendar year. Upon Robert's death, the remainder of the trust is to be paid to his children, and, if there are none, then to Julia's trust. Julia's trust has similar provisions in favor of Julia, her children and Robert's trust. Julia and Robert were co-trustees of

the trusts. On January 23, 1978, they each resigned as co-trustees of the other's trust.

On February 15, 1985, and again on October 11, 1985, Robert R. Marble, Inc., a California corporation, borrowed money from Security Bank of Nevada (now Valley Bank of Nevada) and executed promissory notes in favor of Security Bank in the amounts of $375,000 and $309,100. Robert R. Marble guaranteed the loans both individually and in his capacity as trustee of the Robert Trust.

In April of 1986, Robert R. Marble, Inc. defaulted on the notes. Security Bank demanded payment from Robert R. Marble, Inc. and the guarantors. When no payments were made Security Bank sued the company and the guarantors. Robert R. Marble, Inc. and Robert R. Marble individually admitted liability for the loans. A judgment was entered against Robert R. Marble, Inc., and Robert R. Marble individually. However, Robert R. Marble as trustee of the Robert Trust moved for partial summary judgment based upon the premise that his act of guaranteeing the loans was beyond his authority and therefore void. Security Bank's successor-in-interest, Valley Bank, opposed the motion on the grounds of merger, estoppel and that genuine issues of material fact remained for trial. The district court determined that no genuine issues of material fact existed and that Robert R. Marble, as trustee, was entitled to judgment as a matter of law. This appeal followed.

Valley Bank contends that the district court erred in granting summary judgment because genuine issues of fact existed regarding whether Robert, as trustee, had the power to guarantee the debts of his own corporation. This contention has merit. Summary judgment is appropriate where no genuine issues of material fact remain for trial and the moving party is entitled to a judgment as a matter of law. NRCP 56. A genuine issue of material fact exists where the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Robert, as trustee, had the power "to borrow money and to encumber or hypothecate trust property by mortgage, deed of trust, pledge, or otherwise" in order to carry out the purposes of the trust. The purpose of the trust was to provide Robert with the net income of the trust for life with the remainder to his children or Julia's trust.

It is contended that the loan proceeds were to make leasehold improvements in a building owned by the Robert Trust and leased to Robert's corporation. If the improvements benefited the trust, then guaranteeing the loans would have helped maintain assets of the trust and accomplish its purpose. Under these circumstances, a reasonable jury could have concluded that the loan guarantees

were within Robert's powers as trustee. Therefore, genuine issues of material fact exist regarding Robert's power to guarantee the loans and the district court erred by granting summary judgment. *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242. We have considered Valley Bank's other contentions and have determined that they are without merit. Accordingly, the judgment of the district court is reversed and the case remanded for further proceedings.