An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

SAMUEL WACHT D/B/A SAMUEL WACHT ASSOCIATES, A.I.A.,
Appellant,
vs.
PEEL & BRIMLEY, LLP; RICHARD L. PEEL; AND MICHAEL J. DAVIDSON,
Respondents.

No. 64555

FILED

JUL 21 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in a legal malpractice action. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant Samuel Wacht alleges that Peel & Brimley, LLP, Richard Peel, Esq., and Michael Davidson, Esq. (collectively, Peel & Brimley) committed legal malpractice when they represented him in a mechanic's lien foreclosure action against Colorado River Marina, LLC (CRM) and Mohave State Bank (the Bank). The dispositive issue on appeal is whether Wacht's settlement of the underlying mechanic's lien foreclosure action against CRM precludes his legal malpractice claim against Peel & Brimley. We conclude that it does. [1]

---

[1]Accordingly, we need not address Peel & Brimley's argument that the doctrine of double recovery also bars Wacht's claim.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-21971

## FACTS

In 2003, CRM hired Wacht to act as managing member of CRM and to provide architectural services for the development of real property located in Laughlin, Nevada. While executing his duties as managing member of CRM, Wacht secured a $5.5 million loan by signing a deed of trust against the property, which named the Bank as beneficiary. As a result of his work, Wacht also held a mechanic's lien against the property.

Later, Wacht retained Peel & Brimley as counsel to foreclose on his $670,846.96 mechanic's lien against CRM and to assert priority in interest against the Bank's deed of trust. CRM filed counterclaims against Wacht, and the Bank filed a motion for summary judgment, arguing that as a matter of law its deed of trust against the property had first priority. The district court granted summary judgment, concluding that there were no genuine issues of material fact regarding the Bank's priority position as first deed of trust holder. Thereafter, the Bank foreclosed on its first priority deed of trust, leaving CRM without assets.

Wacht and CRM agreed that it made no sense for them to pursue claims against one another and entered into a settlement agreement.[2] Pursuant to the settlement agreement, each party's claims against the other would be dismissed with prejudice. The agreement noted that the dismissal was based upon Wacht's inability to maintain his lien against the property, as a result of the Bank's foreclosure.

---

[2]At some point before the settlement agreement between Wacht and CRM, Peel & Brimley withdrew as counsel.




(O) 1947A

Consequently, the district court filed an order dismissing Wacht's case with prejudice.

Wacht then filed a legal malpractice claim against Peel & Brimley, alleging that their negligent failure to conduct discovery led to the district court's decision to award the Bank priority. Wacht contended that, after the Bank's foreclosure, he had no alternative but to settle. In response, Peel & Brimley filed a motion for summary judgment that the district court granted. Wacht now appeals the district court's order granting summary judgment.

## DISCUSSION

This court reviews a district court order granting summary judgment de novo. *Yeager v. Harrah's Club, Inc.*, 111 Nev. 830, 833, 897 P.2d 1093, 1094 (1995). "Where a motion for summary judgment under NRCP 56(c) has been granted, the essential question on appeal is whether genuine issues of material fact were created by pleadings and proof offered." *Id.* "The nonmoving party is not entitled to build a case on the gossamer threads of whimsy, speculation, and conjecture." *Wood v. Safeway, Inc.*, 121 Nev. 724, 732, 121 P.3d 1026, 1031 (2005) (internal quotations omitted).

Wacht contends that Peel & Brimley's failure to engage in discovery caused the district court to award the Bank's deed of trust priority over his mechanic's lien. Wacht further contends that the Bank's subsequent foreclosure left CRM without assets and he was thereby forced to settle his mechanic's lien claim against CRM. "In Nevada, legal malpractice is premised upon an attorney-client relationship, a duty owed to the client by the attorney, breach of that duty, and the breach as proximate cause of the client's damages." *Semenza v. Nev. Med. Liab. Ins.*

*Co.*, 104 Nev. 666, 667-68, 765 P.2d 184, 185 (1988). "Establishing causation . . . requires the plaintiff to prove what has been characterized as a 'case within a case,' that is, the plaintiff must demonstrate that the claim underlying the malpractice action would have been successful if the attorney had acted in accordance with his or her duties." *Luttgen v. Fischer*, 107 P.3d 1152, 1154 (Colo. App. 2005) (citing *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 83 (Colo. 1999)).

We cannot conclude that if Peel & Brimley had participated in discovery, Wacht's mechanic's lien action would have been successful. First, even if Peel & Brimley had participated in discovery, the Bank's deed of trust would have maintained its priority position over Wacht's mechanic's lien. Wacht secured the Bank's priority position by signing the deed of trust on CRM's behalf, representing that there were no liens with priority over the Bank's and that no work had commenced on the property. Thus, even if Peel & Brimley had engaged in discovery, the Bank still could have foreclosed on its first priority deed of trust, leaving CRM without assets from which Wacht could collect. And in that event, it is likely that Wacht would have still chosen to settle. Second, notwithstanding discovery, Wacht's mechanic's lien claim might have been successful, had he maintained it.[3] But the parties agreed to completely "walk away" from their claims against one another. Thus, it was Wacht's settlement agreement that shaped the outcome, not Peel & Brimley's failure to engage in discovery.

_____

[3]Wacht's argument that it was useless to pursue his mechanic's lien claim after the Bank's foreclosure left CRM defunct does not affect the outcome here.

It is important to distinguish this case from *Hewitt v. Allen*, where we held that, to withstand summary judgment in a litigation malpractice action, a client was not required to pursue a fruitless appeal in an underlying personal injury action. 118 Nev. 216, 224, 43 P.3d 345, 350 (2002). In *Hewitt*, the district court dismissed the client's underlying personal injury action because her attorney failed to properly notice a required party. *Id.* at 218-19, 43 P.3d at 346-47. Hence, the client could offer evidence in the malpractice action that her attorney was the proximate cause of her harm without further litigating the personal injury action. Here, however, Wacht cannot offer evidence that Peel & Brimley were the proximate cause of his harm because his abandonment of the mechanic's lien action was the proximate cause of his harm. Therefore, we are not persuaded that Wacht could not have achieved a better outcome in the underlying action.

In addition, although we have not expressly adopted the better outcome standard, *see Herrington v. Superior Court*, we note that sound policy favors limiting litigation malpractice claims to cases where evidence can be offered to show that a better result would have been achieved "but for" the attorney's malpractice. 132 Cal. Rptr. 2d 658, 661 (2003). That is not the case here, where "but for" Wacht's election to settle, there may have been a better outcome. A conclusion in the alternative would be based on speculation or conjecture, whereas, to survive summary judgment, Wacht must demonstrate that there are genuine issues of material fact in dispute. Here, there are none.

Based on the foregoing, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Stefany Miley, District Judge
       Israel Kunin, Settlement Judge
       Joseph Y. Hong
       Lipson Neilson Cole Seltzer & Garin, P.C.
       Eighth District Court Clerk