# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN PETER LEE, LTD., A NEVADA
PROFESSIONAL CORPORATION
D/B/A F&C COLLECTIONS, INC. A
NEVADA CORPORATION; JOHN
PETER LEE, AN INDIVIDUAL; PAUL
C. RAY, CHTD., A NEVADA
CORPORATION; AND PAUL RAY, AN
INDIVIDUAL;
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
MARK R. DENTON, DISTRICT JUDGE,
Respondents,
and
70 LIMITED PARTNERSHIP; AND
TERTIA DVORCHAK, AS SPEICAL
ADMINISTRATIX OF THE ESTATE OF
THOMAS T. BEAM, DECEASED,
Real Parties in Interest.

No. 66465

FILED

JAN 2 2 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER DENYING PETITION FOR WRIT OF MANDAMUS OR PROHIBITION*

This is an original petition for a writ of mandamus or prohibition challenging a district court's order denying a motion to dismiss a legal malpractice action on statute of limitations grounds. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

Real parties in interest 70 Limited Partnership and Tertia Dvorchak, as special Administratrix of the Estate of Thomas T. Beam, deceased (collectively, 70 Ltd.), filed a legal malpractice claim against

16-02332

petitioners John Peter Lee, Ltd.; John Peter Lee; Paul C. Ray, Chtd.; and Paul C. Ray (collectively, JPLL), alleging that JPLL breached the standard of care during its representation of 70 Ltd. in an underlying airspace takings case. JPLL moved to dismiss the complaint pursuant to NRS 11.207(1) and the continuous representation rule. The district court denied JPLL's motion.[1]

JPLL argues in its writ petition that (1) this court adopted the continuous representation rule in *Moon v. McDonald, Carano & Wilson LLP*, 129 Nev., Adv. Op. 56, 306 P.3d 406 (2013); (2) the district court improperly found that the limitations period was tolled until the underlying matter was completely resolved; and (3) the district court abused its discretion by failing to grant its motion to dismiss because of the expiration of the two-year period of limitations. We conclude that these arguments lack merit and therefore deny the petition.

*Writ relief is appropriate*

"'A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion.'" *Humphries v. Eighth Judicial Dist. Court*, 129 Nev., Adv. Op. 85, 312 P.3d 484, 486 (2013) (quoting *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008)); *see also* NRS 34.160. Generally, "[w]rit relief is not available . . . when an adequate and speedy legal remedy exists." *Int'l Game Tech., Inc.*, 124 Nev. at 197, 179 P.3d at 558. "While an appeal generally constitutes an adequate and speedy

---

[1]The facts and procedural history are known to the parties and will not be recounted further except as is necessary for our disposition.

remedy precluding writ relief, we have, nonetheless, exercised our discretion to intervene 'under circumstances of urgency or strong necessity, or when an important issue of law needs clarification and sound judicial economy and administration favor the granting of the petition.'" *Cote H. v. Eighth Judicial Dist. Court*, 124 Nev. 36, 39, 175 P.3d 906, 908 (2008) (footnote omitted) (quoting *State v. Second Judicial Dist. Court*, 118 Nev. 609, 614, 55 P.3d 420, 423 (2002)).

We conclude that resolving this writ petition may affect the course of the litigation, thus promoting sound judicial economy and administration. Moreover, this petition raises important legal issues in need of clarification, which could resolve or mitigate related litigation. Accordingly, we exercise our discretion to entertain JPLL's petition for mandamus.[2]

*The district court properly concluded that the statute of limitations period was tolled until the underlying matter was completely resolved despite the previous termination of the attorney-client relationship*

NRS 11.207(1) sets forth the statute of limitations for a professional malpractice claim: "An action against an attorney . . . to recover damages for malpractice . . . must be commenced . . . within 2

---

[2]In the alternative, JPLL seeks a writ of prohibition. A writ of prohibition is appropriate when a district court acts "without or in excess of [its] jurisdiction." NRS 34.320; *see also Club Vista Fin. Servs., LLC v. Eighth Judicial Dist. Court*, 128 Nev., Adv. Op. 21, 276 P.3d 246, 249 (2012). A writ of prohibition is improper in this case because the district court had jurisdiction to hear and determine the outcome of the motion to dismiss. *See Goicoechea v. Fourth Judicial Dist. Court*, 96 Nev. 287, 289, 607 P.2d 1140, 1141 (1980) (stating that we will not issue a writ of prohibition "if the court sought to be restrained had jurisdiction to hear and determine the matter under consideration").

years after the plaintiff discovers or . . . should have discovered the material facts which constitute the cause of action . . . ." A professional malpractice claim may be subject to the litigation malpractice tolling rule, which provides that "damages do not begin to accrue until the underlying legal action has been resolved." *Hewitt v. Allen*, 118 Nev. 216, 221, 43 P.3d 345, 348 (2002). The rule only applies "[i]n the context of litigation malpractice, that is, legal malpractice committed in the representation of a party to a lawsuit." *Id.* The district court applied the litigation malpractice tolling rule and determined that the statute of limitations had not expired on 70 Ltd.'s legal malpractice claim. "We review the district court's legal conclusions de novo." *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008).

JPLL argues that the district court disregarded recent Nevada caselaw regarding the continuous representation rule. JPLL contends that had the continuous representation rule been applied, the statute of limitations would have run in March 2013 and the district court improperly tolled the limitations period.

*The continuous representation rule*

According to the continuous representation rule, a legal malpractice cause of action begins to accrue when "the attorney's representation concerning a particular transaction is terminated." 3 Ronald E. Mallen & Jeffrey M. Smith, *Legal Malpractice* § 23:13, at 508 (2014) (internal quotation marks omitted). The rule requires: "(1) ongoing representation by the lawyer; (2) on the same subject matter; (3) that is continuous." *Id.* at 509 (internal quotation marks omitted). JPLL asserts that this court adopted the continuous representation rule in *Moon v. McDonald, Carano & Wilson LLP*, 129 Nev., Adv. Op. 56, 306 P.3d 406 (2013). We disagree.

In *Moon*, a client brought a legal malpractice action against his attorney stemming from the attorney's representation of the client as a creditor in a bankruptcy proceeding. *Id.* at 407-08. We determined that the litigation malpractice tolling rule did not apply because the bankruptcy action was not an adversarial proceeding. *Id.* at 410. Thus, we concluded that the district court appropriately granted the attorney's motion to dismiss. *Id.* The language JPLL relies upon comes at the end of *Moon*: "Appellants' professional malpractice claim would therefore not be tolled by the litigation malpractice tolling rule after February 2003 [the date representation ended], even if this court were to conclude that the bankruptcy proceeding in this case qualified as litigation." *Id.* Because our determination in *Moon* was based on the conclusion that non-adversarial parts of a bankruptcy proceeding do not constitute litigation, our observation regarding the continuous representation rule was mere dicta. *See Dictum, Black's Law Dictionary* (6th ed. 1990) (defining "[d]ictum" as "an observation or remark . . . not necessarily involved in the case or essential to its determination").

Alternatively, JPLL argues that should this court determine that the continuous representation rule was not adopted in *Moon*, we should do so now. We decline to do so. The continuous representation rule and the litigation malpractice tolling rule arrive at similar results. If the attorney errs and the client continues to retain the attorney after the error, the statute of limitations starts to run at the same time under either rule because the case and the attorney-client relationship end simultaneously. On the other hand, if the attorney errs and the client obtains new counsel, under either rule, the former attorney must sit by and hope that the client's new legal representative attempts to remedy the

error. Further, under the continuous representation rule, if an attorney has been removed from the case prior to its conclusion, estimating damages from the alleged malpractice is difficult. In some jurisdictions that recognize the continuous representation rule, courts can stay the legal malpractice action until the underlying case concludes or the parties can enter into a tolling agreement. *See, e.g., Beal Bank, SSB v. Arter & Hadden, LLP*, 167 P.3d 666, 673 (Cal. 2007) (emphasizing that "trial courts have inherent authority to stay malpractice suits, holding them in abeyance pending resolution of underlying litigation" (internal quotation marks omitted)), *VanSickle v. Kohout*, 599 S.E.2d 856, 861 (W. Va. 2004) (indicating that attorneys can "enter into tolling agreements . . . where the amount of damages may yet be uncertain" and courts can stay malpractice actions "in order to await the conclusion of some other proceeding that might establish a client's damages"); *see also* Mallen & Smith, *supra*, § 23:11 at 438. Accordingly, under either rule the underlying litigation concludes before the legal malpractice case begins.

Because the two rules operate in a like manner, we decline to adopt the continuous representation rule in the litigation context or to revisit our jurisprudence on the litigation malpractice tolling rule. Thus, we conclude that the district court did not err in concluding that the statute of limitations period was tolled until the underlying matter was resolved based on the litigation malpractice tolling rule.

*The district court did not abuse its discretion in denying JPLL's motion to dismiss*

As the district court found, the underlying litigation was resolved when the settlement was approved on October 15, 2013. Because NRS 11.207(1) provides that the statute of limitations for a legal malpractice claim shall be commenced within two years, 70 Ltd. had until

October 15, 2015, to file its malpractice complaint against JPLL, which it did on November 7, 2013. Therefore, we conclude that 70 Ltd.'s malpractice complaint was timely filed, and the district court did not abuse its discretion in denying JPLL's motion to dismiss.

Accordingly, we

ORDER the petition DENIED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

PICKERING, J., concurring:

I concur in the order denying writ relief but would do so on the basis the petition does not qualify for extraordinary writ relief, without reaching the merits of the claimed legal error. *Compare State ex rel. Dep't*

*of Transp. v. Thompson*, 99 Nev. 358, 361-62, 662 P.2d 1338 1340 (1983) (mandamus normally does not lie to review a claim of error in the district court's denial of a motion to dismiss or for summary judgment), *with Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. (UAW) v. Nat'l Caucus of Labor Committees*, 525 F.2d 323, 326 (2d Cir. 1975) (declining to reach the merits in denying a petition for extraordinary writ relief as improperly seeking interlocutory review of asserted legal error); *see generally Double Diamond v. Second Judicial Dist. Ct.*, 131 Nev., Adv. Op. 57, 354 P.3d 641, 646 (2015) (Pickering, J., concurring).

_____, J.
Pickering

cc:    Hon. Mark R. Denton, District Judge
       Santoro Whitmire
       John Peter Lee Ltd.
       Lipson Neilson Cole Seltzer & Garin, P.C.
       Olson, Cannon, Gormley, Angulo & Stoberski
       Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
       Eighth District Court Clerk