# IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES R. AYMANN,
Appellant,
vs.
JOHN PETER LEE, LTD.; FREDERICK
WAID, PERSONAL REPRESENTATIVE
OF JOHN PETER LEE, DECEASED;
PAUL C. RAY, PROFESSIONALLY AND
INDIVIDUALLY; AND YVETTE
FREEDMAN,
Respondents.

No. 65292

FILED

JUL 1 3 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING*

This is a pro se appeal from a district court order granting a motion to dismiss an attorney malpractice action. Eighth Judicial District Court, Clark County; Kerry Louise Earley, Judge.

Appellant James R. Aymann retained respondents as his attorneys in previous litigation. The dismissal of that litigation was appealed to this court in Docket No. 66774 on October 17, 2014, and the appeal was resolved on December 21, 2015.

While the underlying litigation was pending, appellant filed the instant action against respondents, alleging, among other things, malpractice, various other torts and fraud based on the attorney/client relationship, and elder abuse. Respondents moved to dismiss the malpractice action, and the district court dismissed appellant's first, second, fourth, fifth, and sixth causes of action for, respectively, fraudulent concealment, fraudulent misrepresentation, tortious breach of the implied covenant of good faith and fair dealing, fraud in the inducement, and civil conspiracy for failure to state a claim and/or failure to plead fraud with

16-21879

sufficient specificity. *See* NRCP 9(b). The district court dismissed the remaining causes of action under NRS 11.207(1), the two-year statute of limitations governing attorney malpractice actions. This appeal followed.

*The causes of action dismissed for failure to state a claim*

We review "de novo a district court's order granting a motion to dismiss, and such an order will not be upheld unless it appears beyond a doubt that the plaintiff could prove no set of facts . . . [that] would entitle him [or her] to relief." *Moon v. McDonald, Carano & Wilson LLP*, 129 Nev., Adv. Op. 56, 306 P.3d 406, 408 (2013) (alterations in original, quotation marks omitted). We have considered appellant's arguments concerning the first, second, fourth, fifth, and sixth causes of action in light of this standard, and we affirm the district court's dismissal of those causes of action. *See J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc.*, 120 Nev. 277, 290-91, 89 P.3d 1009, 1018 (2004) (fraud in the inducement); *Dow Chem. Co. v. Mahlum*, 114 Nev. 1468, 1485, 970 P.2d 98, 110 (1998) (fraudulent concealment), *overruled in part on other grounds by GES, Inc. v. Corbitt*, 117 Nev. 265, 271, 21 P.3d 11, 15 (2001); *Consol. Generator–Nev., Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1311, 971 P.2d 1251, 1256 (1998) (civil conspiracy); *Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 446-47, 956 P.2d 1382, 1386 (1998) (fraudulent misrepresentation); *Great Am. Ins. Co. v. Gen. Builders, Inc.*, 113 Nev. 346, 354-55, 934 P.2d 257, 263 (1997) (tortious breach of the implied covenant of good faith and fair dealing).

*The causes of action dismissed under the attorney malpractice statute of limitations*

As to the district court's dismissal of the remaining causes of action under NRS 11.207(1), that statute sets forth the limitations period for legal malpractice claims. The limitations period, however, may be

tolled by the litigation malpractice tolling rule, which provides that, in the context of litigation-based malpractice, "damages do not begin to accrue until the underlying legal action has been resolved." *Hewitt v. Allen*, 118 Nev. 216, 221, 43 P.3d 345, 348 (2002). If an appeal is filed, the action is not deemed resolved until the appeal is decided. *Id.*

The district court, however, implicitly applied the continuous representation rule, under which a legal malpractice cause of action begins to accrue when "the attorney's representation concerning a particular transaction is terminated." 3 Ronald E. Mallen & Jeffrey M. Smith, *Legal Malpractice* § 23:13, at 508 (2014) (internal quotation marks omitted). The effect of this rule in the litigation context would be to cut off the tolling period permitted by the litigation malpractice rule. And in practice, malpractice actions brought to comply with the continuous representation rule are often stayed while the underlying litigation proceeds so that damages can be determined. *See VanSickle v. Kohout*, 599 S.E.2d 856, 861 (W. Va. 2004) (noting that malpractice actions brought before the resolution of the underlying litigation may need to be stayed in order to await a determination of the malpractice plaintiff's damages, if any). To avoid the necessity of filing a malpractice action prior to the determination of damages, we decline to adopt the continuous representation rule in the litigation context and continue to apply the litigation malpractice tolling rule.

In this case, appellant's appeal in the underlying action was not resolved until December 21, 2015. Accordingly, the malpractice-based causes of action were tolled until that date, and dismissing those causes of action on April 15, 2014, was premature. We therefore reverse the district court's dismissal of the third, seventh, eighth, and ninth causes of action

based on NRS 11.207, and remand this matter to the district court for further proceedings.[1]

It is so ORDERED.

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc:  Hon. Kerry Louise Earley, District Judge
James R. Aymann
John Peter Lee, Ltd.
Paul C. Ray, Chtd.
Yvette Y. Freedman
Eighth District Court Clerk

---

[1]Respondent Yvette Freedman argues that appellant's malpractice action against her is not based on the underlying litigation, and thus, as to her, the malpractice action is time barred or otherwise fails to state a claim. Freedman, however, did not raise these arguments in the district court and the district court did not base its dismissal order on these arguments. Accordingly, we decline to consider them on appeal, without prejudice to Freedman's ability to raise these arguments in the district court. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (noting that this court generally will not consider on appeal arguments that were not made to the district court).