# IN THE SUPREME COURT OF THE STATE OF NEVADA

BUILDING TECTONICS, INC., A
NEVADA CORPORATION,
Appellant,
vs.
SEAN L. BROHAWN; AND REESE
KINTZ GUINASSO, A NEVADA
LIMITED LIABILITY COMPANY, N/K/A
REESE KINTZ, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Respondents.

No. 79434



FILED

NOV 13 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order after a bench trial and an order denying a motion to alter or amend the judgment in a legal malpractice matter. Second Judicial District Court, Washoe County; Kathleen M. Drakulich, Judge.[1] Appellant Building Tectonics, Inc. performed renovation work for the tenant of property owned by non-party Rialto, LLC, and retained respondent attorney Sean L. Brohawn to collect on the resulting mechanic's lien it placed on Rialto's property. That case was dismissed after Brohawn failed to file the NRCP 16.1(e)(2) joint case conference report. Building Tectonics then sued respondents for legal malpractice.

A legal malpractice claim arises when an attorney breaches a duty owed to his client and that breach is the proximate cause of the client's damages, such as an adverse ruling in the underlying action. *See Hewitt v. Allen*, 118 Nev. 216, 220-21, 43 P.3d 345, 347-48 (2002) (setting forth the

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

20-41478

elements for proving a legal malpractice claim). Because any claimed damages may vanish with the prosecution of a successful appeal, a legal malpractice claim is premature until there has been a final adjudication of the underlying case. *See Semenza v. Nev. Med. Liab. Ins. Co.*, 104 Nev. 666, 668, 765 P.2d 184, 186 (1988). However, a party is not required to pursue an appeal if it "would be a futile gesture, that is, [if] the appeal would most likely be denied." *Hewitt*, 118 Nev. at 218, 222, 43 P.3d at 346, 348.

Building Tectonics first argues that the district court erred by holding that an appeal from the order dismissing the underlying case would not have been futile. Reviewing de novo, *State, Dep't of Bus. & Indus., Office of Labor Comm'r v. Granite Constr. Co.*, 118 Nev. 83, 86, 40 P.3d 423, 425 (2002), we agree. While the order dismissing the underlying litigation was appealable, the record reflects that an appeal would mostly likely have been denied. *See Hewitt*, 118 Nev. at 222, 43 P.3d at 348; *see also Arnold v. Kip*, 123 Nev. 410, 415-16, 16 P.3d 1050, 1053-54 (2007) (listing factors the district court should consider and reviewing dismissal for failure to timely file the joint case conference report for an abuse of discretion).

Having concluded that Building Tectonics was not required to appeal the dismissal order in the underlying litigation, we next consider whether Building Tectonics could have obtained a better result on its claims in the underlying litigation but for its attorney's alleged negligence. *See Viner v. Sweet*, 135 Cal. Rptr. 2d 629, 636 (2003) ("In a litigation malpractice action, the plaintiff must establish that *but for* the alleged negligence of the defendant attorney, the plaintiff would have obtained a more favorable [result] in the action in which the malpractice allegedly occurred."). We agree with the district court that Building Tectonics could not have prevailed on its breach-of-contract claim because it did not have a contract

with Rialto. *See May v. Anderson*, 121 Nev. 668, 672-73, 119 P.3d 1254, 1257 (2005) ("[T]he question of whether a contract exists is one of fact, requiring this court to defer to the district court's findings unless they are clearly erroneous or not based on substantial evidence.").

We also agree with the district court's finding that Building Tectonics would not have succeeded on its mechanic's lien claim, as the record does not support Building Tectonics' argument that Rialto had actual notice of Building Tectonics' improvements to its property.[2] *See* NRS 108.245(1), (3) (requiring a lien claimant to first deliver a notice of its right to lien to the property owner before it may enforce a lien); *Las Vegas Plywood v. D & D Enters.*, 98 Nev. 378, 380, 649 P.2d 1367, 1368 (1982) (holding that strict compliance with the lien statutes is not required where the property owner has actual notice of the potential lien and is not prejudiced); *see also J.D. Constr., Inc. v. IBEX Int'l Grp.*, 126 Nev. 366, 380-81, 240 P.3d 1033, 1043 (2010) (reviewing a district court's factual findings for substantial evidence and noting that this court "will only set aside findings that are clearly erroneous"). And Building Tectonics failed to prove its damages for its mechanic's lien claim as it did not produce any invoices, receipts, or other evidence demonstrating the time and materials it spent improving Rialto's property. *See Cent. Bit Supply, Inc. v. Waldrop Drilling & Pump, Inc.*, 102 Nev. 139, 142, 717 P.2d 35, 37 (1986) ("[T]he burden of establishing damages lies on the injured party."); *cf. Simmons Self-Storage*

---

[2]While Building Tectonics introduced evidence to support its argument that an agent of Rialto had the requisite notice, and that such notice should be imputed to Rialto, we do not reweigh the district court's credibility determinations. *See Ellis v. Carucci*, 123 Nev. 145, 152, 161 P.3d 239, 244 (2007) (refusing to reweigh the district court's credibility determinations on appeal).

*v. Rib Roof, Inc.*, 130 Nev. 540, 547-48, 331 P.3d 850, 855 (2014), *as modified on denial of reh'g* (Nov. 24, 2014) (holding that a materialman seeking to enforce its mechanic's lien "must prove that [he] supplied [materials] for use or incorporation into the property or improvements thereon").

Building Tectonics' unjust enrichment claim also fails. Building Tectonics did not establish the value of the improvements it made to Rialto's property by either producing evidence of the time and materials it spent or by demonstrating how its renovations increased the property's value. *See Asphalt Prods. Corp. v. All Star Ready Mix, Inc.*, 111 Nev. 799, 802, 898 P.2d 699, 701 (1995) ("[T]he proper measure of damages [for unjust enrichment] is the 'reasonable value of [the] services'" provided. (alteration in original) (quoting *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 110 Nev. 984, 987, 879 P.2d 69, 71 (1994))). Because Building Tectonics failed to demonstrate that it would have achieved a better result in the underlying action but for Brohawn's allegedly negligent actions, *see Viner*, 135 Cal. Rptr. 2d at 636, we agree with the district court that Building Tectonics cannot recover on its legal malpractice claim and conclude that the district court did not err in entering judgment for respondents.[3] *See I. Cox Constr. Co. v. CH2 Invs., LLC*, 129 Nev. 139, 149, 296 P.3d 1202, 1203 (2013) (reviewing the district court's legal conclusions de novo); *Pack v. LaTourette*, 128 Nev. 264, 267, 277 P.3d 1246, 1248 (2012) (recognizing that this court

---

[3]We have considered Building Tectonics' additional arguments and conclude that they either lack merit or do not warrant the relief sought. And, given our disposition, we decline to address the parties' arguments regarding the district court's finding that Building Tectonics' failure to mitigate its damages barred it from recovering on its legal malpractice claim.

will affirm the district court's judgment if the district court reached the right result, albeit for different reasons).

Lastly, we also conclude that the district court did not abuse its discretion in denying Building Tectonics' motion for relief from the judgment. *See AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 589, 245 P.3d 1190, 1197 (2010) (reviewing a ruling on a motion for reconsideration pursuant to NRCP 59(e) for an abuse of discretion). Specifically, the record does not support Building Tectonics' argument that the district court improperly ignored documentary evidence attached to Building Tectonics' motion, as that evidence was available at the time of trial. *See id.* at 582, 245 P.3d at 1193 (providing that reconsideration of a judgment may be warranted if newly discovered or previously unavailable evidence warrants it). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc: Hon. Kathleen M. Drakulich, District Judge
Carl M. Hebert
Sean L. Brohawn
Kintz Law, PLLC
Washoe District Court Clerk